**In the Matter of the WELFARE of Charles SWEATS.**

**No. 49993.**

Supreme Court of Minnesota.

May 23, 1980.

William R. Kennedy, County Public Defender, Gerard W. Snell, Patrick J. Sullivan, and Judith A. Harrigan, Asst. Public Defenders, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief Asst. County Atty., Appellate Section, David W. Larson, Asst. County Atty., and Thomas A. Weist, Minneapolis, for respondent.

Heard before PETERSON, KELLY, and TODD, JJ., and considered and decided by the court en banc.

PETERSON, Justice.

Charles Sweats, a juvenile, appeals from an order of the Hennepin County District Court, Juvenile Division, granting the state's motion for reference for adult prosecution. On December 27, 1978, the state filed a delinquency petition in juvenile court charging Sweats with the offense of burglary. The state subsequently made a motion for reference for prosecution of Sweats as an adult. On February 28, 1979, the juvenile court issued an order granting the motion for reference. Later on the same day the state filed with the juvenile court notice of intent to prosecute Sweats. Sweats then moved for amended findings or, in the alternative, a rehearing. The juvenile court denied Sweats' motion, concluding that, under Minn.Stat. § 260.125, subd. 1 (1978), its jurisdiction in the matter had terminated when the state filed notice of intent to prosecute.[1]

Sweats argues that § 260.125, subd. 1, should not be interpreted as compelling the conclusion that the filing of notice of intent to prosecute terminated the jurisdiction of the juvenile court in this case. He asks that we reverse the juvenile court's order granting the motion for reference and remand the matter to the juvenile court for consideration of his alternative motion for amended findings or a rehearing. We affirm the order of the juvenile court.

■ Section 260.125, subd. 1, authorizes the juvenile court to enter an order referring an offense alleged to have been committed by a juvenile of at least 14 years of age "to the appropriate prosecuting author-

ity for action under laws in force governing the commission of and punishment for" the alleged offense. If after the entry of such an order and within certain prescribed time limits the prosecutor "files with the court notice of intent to prosecute the jurisdiction of the juvenile court in the matter is terminated." § 260.125, subd. 1. From the statutory language it is clear that the juvenile court is divested of jurisdiction in a juvenile delinquency proceeding when the prosecutor to whom an alleged offense has been referred files notice of intent to prosecute.

Sweats contends that this construction of § 260.125, subd. 1, is inappropriate because Hennepin County Juvenile Court Rule 7.21 requires that a party to a juvenile court proceeding move for amended findings or a rehearing before appealing an order of the juvenile court. Rule 7.21 provides: "All appeals must be preceded by a written motion for amended findings or a new hearing, setting forth alleged errors of law and fact and directed to the issuing referee who may then amend his findings, make additional findings or order a new hearing."

■ Although the rule refers to "all appeals," it must be interpreted as requiring a motion for amended findings or a rehearing as a prerequisite only to appeals from a referee's decision to the juvenile court and therefore is inapplicable to this case. The juvenile court has no authority to limit by rule the appeal that "may be taken by the aggrieved person from a final order [of the juvenile court] affecting a substantial right of the aggrieved person." § 260.291, subd. 1.

---

1. Minn.Stat. § 260.125, subd. 1, provides:

When a child is alleged to have violated a state or local law or ordinance after becoming 14 years of age the juvenile court may enter an order referring the alleged violation to the appropriate prosecuting authority for action under laws in force governing the commission of and punishment for violations of statutes or local laws or ordinances. The prosecuting authority to whom such matter is referred shall within the time specified in such order of reference, which time shall not exceed 90 days, file with the court making such order of reference notice of intent to prosecute or not to prosecute. If such prosecuting authority files notice of intent not to

prosecute or fails to act within the time specified, the court shall proceed as if no order of reference had been made. If such prosecuting authority files with the court notice of intent to prosecute the jurisdiction of the juvenile court in the matter is terminated.

Although it denied Charles Sweats' motion for amended findings or a rehearing on the ground that it lacked jurisdiction to grant the requested relief, the juvenile court found that Sweats had not "shown the existence of newly discovered material evidence or overlooked a material fact or controlling principle of law, or established any reason for the Court to amend his original order or to hold a re-hearing."

Sweats further argues that equity demands he be afforded an opportunity to request the juvenile court to reconsider its order granting the motion for reference. Sweats alleges that the prosecutor was informed of his plan to make a motion for amended findings or a rehearing and suggests that the prosecutor's filing of notice of intent to prosecute was timed so as to render him unable to make that motion.

█ The decision when to file notice of intent to prosecute is within the discretion of the prosecutor, subject to the time limits prescribed by § 260.125, subd. 1. Furthermore, if a prosecutor files such notice before a juvenile can move for amended findings or a rehearing, the juvenile is not prejudiced thereby. An order of the juvenile court granting a motion for reference for adult prosecution is an appealable order. *In re Welfare of I.Q.S.*, 309 Minn. 78, 244 N.W.2d 30 (1976). Such an order may be stayed pending the determination of its appeal. § 260.291, subd. 1. Factors that would have necessitated an amendment of the juvenile court's findings or a rehearing on the motion for reference for adult prosecution are likely on appeal to require reversal of the order granting the motion.

█ In this case, Sweats did not apply to this court for a stay of the order granting the motion for reference.[2] He has not shown the existence of new evidence that might require us to reverse the order granting the motion for reference and remand the matter to the juvenile court for a rehearing. On the basis of the record before us, which does not include a transcript of the proceedings in the juvenile court, we cannot say that the juvenile court's finding that Sweats was "not amenable to treatment within the juvenile system" is so clearly erroneous as to constitute an abuse of discretion and require reversal. *In re Welfare of I.Q.S.*, 309 Minn. 78, 86–87, 244 N.W.2d 30, 38 (1976). Accordingly, the juvenile court's order granting the state's motion for reference for adult prosecution must be affirmed.

Affirmed.

█

2. A complaint was filed in Hennepin County District Court charging Sweats with burglary in violation of § 609.58, subd. 2(3). The district court found Sweats guilty of the offense charged and sentenced him to 0 to 3 years in prison. Imposition of the sentence was stayed and Sweats was placed on probation on the condition that he complete a treatment program.